Good morning members of the court. Unless the court has a different preference, I would like to focus on the breach of the plea agreement, which is issue one in the briefing. And I specifically wanted to address the government's argument that the argument in question was a legitimate response to the argument for below the guideline sentence. Our position is that given the manner in which the government made the argument in question, and the district court's earlier comments about what he thought of the argument concerning a sentence below the guidelines or at the low point, I think in combination the government was invoking its right to respond as a pretext to argue for a higher sentence. Did it argue for a higher sentence? I'm sorry? Did it argue for a higher sentence? I believe that it did. I thought it specifically said it wasn't. Well, in this case, I think the references that the government made to each argument that, you know, I'm just arguing for 33 months. I think they were paying lip service to the recommendation, and the argument for a higher sentence was implicit. You know, if you look at how the prosecutor made the argument, it was, you know, he began with saying, I recommend 33 months. And nothing that I say should be construed as an argument for anything higher than 33 months. And then the prosecutor presents an argument that is focused on the most aggravating aspects of the case, and the most damaging or emotionally draining portions of the victim impact testimony. Most of which the district court had heard just moments earlier, and the two claims that were new, they were not contested by the defense, either in terms of restitution or the fact that the victims have suffered great emotional loss as a result. So in the government's briefing, they go through the statements they made, and they show or they argue that that was rebuttal to the various arguments that were made by the defense counsel as to why a below 33-month sentence would be more appropriate. Right. What's wrong with that argument, that they reserved the right to do that in the plea agreement? Right. There is no dispute that they had a right to respond to an argument for a sentence below 33 months. What I don't believe the plea agreement allowed the government to do is to invoke that provision as pretext to argue for a higher sentence. And that means not only that the government explicitly admits, I'm asking you to impose a higher sentence. If the argument is implicitly to ask for a higher sentence, it's just as damaging to the defendant because he's not getting the benefit of his bargain, which is the added persuasiveness of the government supporting the sentence it agreed to recommend. Because getting back to what the prosecutor said, essentially, I'm going to paraphrase. But he said this, the defendant is really a terrible person. He took the people's last dime. It's a fraud that lasted three years. But we're only asking for the low point of the guidelines range. And you also have to keep in mind that at that point, Judge Wright had sort of indicated that he sought a sentence of either below 33 months or at 33 months. He didn't agree with that and that he viewed the entire range as disappointingly low. Was there any point, though, where the defense was stating that it was not seeking a sentence lower than 33 months? My position is that beginning on page 42, the first full paragraph on page 42, and going through page 43 to the top of page 44 of the excerpt of the record, I think counsel effectively backed off any argument that he was asking for a sentence below the guidelines. He didn't explicitly say, I hereby withdraw any argument I have made on that point. But he was essentially saying, you know, the crime is a type of a crime that the guideline is meant to cover and Your Honor goes from there. This is kind of what he ended up with. Didn't defense counsel then go on after page 43 to talk about the 3553 factors? Well, I think after page 43, what defense counsel did was address the client's ability to pay restitution. I don't believe that from that point forward he was asking for a sentence below the guidelines. And frankly, I think there's a dispute as to whether counsel explicitly withdrew the argument, which I will concede. The record is not as clear as I would like on the concession. But I think given the district court's comments that it was disagreeing with that request earlier, and that it viewed the entire range as disappointingly low, I think it's much more important that the court wasn't agreeing with that argument. Because essentially what we were is that there was no reasonable prospect, or in other words, there was no evidence that the court was contemplating a sentence below the guidelines. Because you had those comments and then the victims presented pretty emotionally moving testimony. And the government on appeal describes the testimony as powerful. And I think that's what caused counsel to back off his earlier argument. Because earlier in the hearing he did sort of continue to say, you know, the crime itself is within the guidelines, but you may want to consider going lower because the client is a first-time offender. By the time you get to page 42, I believe counsel effectively backed off his earlier argument. But I think, yeah, I think the dispute on that point is immaterial because the court had tipped its hand earlier in the hearing that it was not agreeing with that argument. Isn't it not uncommon for a judge to indicate at the beginning of the proceeding which way they might be leaning to give the parties an opportunity to argue for a different sentence? I would agree that it's relatively common. But I think the significance of the comments is not that the judge said, I'm not going to listen to anything else. But the judge indicated where he sort of was to begin with. So at that point we know that he's not thinking of a sentence below the guidelines. Nothing that happened from that point forward would give anybody any concern that the judge is going to change his mind. The probation indicated a guideline. The probation supported 33 months. The victims presented pretty damaging testimony to my client. And they were also helped by an attorney who effectively asked, even 41 months is not going to send a sufficient enough message to this defendant. So in light of all of these facts, there was no reasonable prospect that the court was going to contemplate a lower sentence. And given those facts, when the prosecutor presented an argument focused on aggravating factors and on disparaging my client's character, and the comments were not perfunctory. I mean, the prosecutor went into a lot of detail on these points. And this was all evidence that the court was already apprised of by reviewing the PSR, by reviewing the plea agreement and the party sentencing brief. So it was not new. So I believe the prosecutor was highlighting. Any case law? What do you think is the closest case that supports your position? Well, I would say Whitney and Mondragon are the two closest cases from this circuit, as well as the Gonza and Connecticut case that I cited in the opening brief from the First Circuit. But the Ninth Circuit cases are Whitney and Mondragon. And frankly, I think Whitney is the closest of the two. Simply because the arguments were made at the time the government, there was no indication that the government had to do anything to protect the sentencing recommendation it agreed to make. Well, there was something, which was somebody was arguing for a lower, the defendant was arguing for a lower sentence. Well, at one point he was, yes. I believe that, right. That's not disputed. Is there any case like that? No, actually. I don't say, well, that's, I guess, the argument is that Whitney doesn't apply because in Whitney he couldn't, the defendant could not make an argument and didn't make an argument for a lower sentence. But that was only one factor in the court determination that there was no indication of a below the guideline sentence. The court relied on the fact that no argument was made and also that probation recommended a sentence higher than the government agreed to recommend. And the court gave no indication that it was considering imposing below the guideline sentence. But in this case, the judge actually tipped his hand. In the other cases you're relying on, did the government lawyer specifically say that he wasn't arguing for a higher sentence? Well, actually, I think in Whitney the government's attorney did make a recommendation and then followed that up with an argument that was found to be a breach. But in this instance he didn't just do that. He said, and I'm not arguing for a higher sentence, right? Right. And actually, I don't believe that the government in Whitney made those specific references. But my view of those comments is different. And if my time is about run out, if I can have 30 seconds to finish this. Because the government sort of premised its argument by saying, I'm arguing for 33 months, nothing I say should be interpreted as saying anything otherwise. I think that was the government frankly recognizing that what it was about to say could well be interpreted as suggesting a higher sentence. And frankly, my read of the record is that the prosecutor was trying to inoculate himself from them being accused of breaching the plea agreement. The determination of whether there was a breach can rest simply on the government, you know, making the most, let's say making the most damaging characterization of the event possible. But then adding, but I'm not arguing for anything more than 33 months. Because at some point you can say, you know, the defendant murders children for Christmas. But I'm just asking for 33 months. Again, the government didn't say anything that inflammatory. But it played a pretty ugly picture on my client and, you know, sprinkled that up with statements like, but I'm just asking for 33 months. Particularly since Judge Wright said that he viewed the entire rate as low, you know, there is no other way to interpret these comments as a suggestion that, Judge, you should impose a higher sentence. Okay. Thank you very much. Your time has expired and we will hear from. Your Honors, good morning. Rob Keenan for the United States. The sentence, the transcript of the sentencing hearing makes it clear that I carefully framed my argument in a manner that was consistent with the plea agreement. I didn't breach the plea agreement. I specifically recommended, as I promised to do, a 33-month sentence. I had reserved the right and had prepared for the sentencing hearing accordingly to make arguments in opposition to the defendant's vigorous request for a downward variance. A substantial sentencing brief defense submitted and a substantial argument at the sentencing hearing as well as the defendant's own allocution. Did it make any difference that Judge Wright said at the outset he wasn't buying it? No. The basic point on that is that the judge's remarks at the, it was at the outset of the hearing that it was, I interpreted it and understood it and I think the transcript is consistent with my understanding. It was a tentative remark. Happens all the time. Happened about three weeks ago in a case I had. Formal written answer to a question that was put by the courts. Doesn't this happen? It happens oftentimes where district judges will start with some tentative remarks suggesting a sentence and the sentence imposed at the end of the sentencing hearing is quite a bit different. Happened to me, as I said, about three or four weeks ago. Formal written ruling, tentative ruling for 56 months I think it was and I walked out with a 15-month sentence. So it happens a lot. And so, but under the, and that's why in the paragraph 15 I reserved the right expressly, as clear as possible and there's no argument that the language is ambiguous. I reserved the right to oppose an argument by the defense for a downward variance. It's not qualified. I wasn't required to, under the terms of the good faith interpretation of the language, it's clear. No limits, no qualifications. I don't lose the right to oppose the arguments at some misty point in the sentencing hearing where it looks like, gee, maybe the district judge might not go with the defense arguments. I reserved the right so that I could ensure I had an opportunity to respond to the defense arguments. And getting back to the part I opened with, I think I carefully framed my argument to make clear. I was responding to the defense arguments. It wasn't a pretext. It wasn't lip service. In serial fashion, I identified a defense argument and provided comments in response to it, narrowly focused on that defense argument. And then I proceeded to identify another argument and respond to that. Two times during the course of my argument, I made clear those arguments were all designed to support the argument I was making of 33 months, not for anything higher. This notion that I implicitly urged or other language to that effect, a higher sentence is nonsense. It's not true. Do you think there's any limitation on how aggressively you can argue? The plea agreements language admits of no. It has no qualification. And I think it would be difficult as a drafter of many plea agreements to figure out exactly how that would be phrased. Whatever limit might exist, I didn't come close to approaching that outer limit. Because as I said, my arguments were clearly focused on responding to defense arguments for downward variance. Could you comment briefly on an argument that wasn't made this morning, which is the argument about the need, whether there should have been a prior notice specifically of the contemplated sentence? Yes. The district judge was clear in expressing his reasoning as to how he got to the sentence he did, that he was relying on 3553 factors. Well, what factor was he relying on? Pardon me? What factor was he relying on? The seriousness of the offense, he mentioned. The need for deterrence, he mentioned. Well, didn't he basically mention essentially the sophistication of the scheme? That was one. He also mentioned other factors. It was one factor, but not the only one. Do you think that would go into seriousness of the crimes? Yes. I think it was actually made in reference to that. He also mentioned the fact he betrayed friends, the defendant betrayed friends, and some arguments to that effect, or comments to that effect. Made express reference, though, to 3553A factors, and that was clearly, and also language under Booker saying that he didn't think the sentence was, the advisory guideline range was reasonable, and the sentence that he wound up with of 63 months was reasonable and appropriate. That's all Booker language, 3553A language, and so Rule 32H doesn't apply. In answer to the Court's questions about the case law, the defendant cites, this is not a united front case, so Whitney is inapplicable. Gansey, I think, is also one of those cases, the First Circuit case. The parties didn't reach an agreement on what the sentence ought to be. We eliminated the dispute about guidelines by stipulating to those, but then it was a full and open argument regarding what the sentence ought to be under 3553A. So Whitney is inapplicable. Whitney also is, actually supports the government's view to the extent it's, it makes clear in its language that the government has the right to make arguments regarding aggravating factors provided they are relevant to matters that the government is able to argue about. Again, that gets back to Paragraph 15 where we reserve the right to make those arguments. In the Mondragon case, that was a case also easily distinguishable. That was a case where the government agreed essentially to stand mute at the sentencing hearing, that we wouldn't say anything. And, again, that's not what we had here. The defendant reserved the right to argue for a downward variance. I reserve the right clearly to oppose that. The question put more concretely is, and I understand your point that it would be hard to write an agreement like this, but the complaint seems to be that the arguments you were making were really not in support of a 33-month sentence. They were in support of a considerably higher sentence because why would you accept a 33-month sentence if the person was really as bad as you were portraying? In other words, you were arguing a set of aggravating factors that are very hard to reconcile with your actual recommendation. And the question is, is there a difference between arguing for your recommendation and arguing in a way that is inconsistent with your recommendation? I don't think, I don't know of a distinction that would be made there. And, again, I don't think that the argument I made raises those concerns because it was, as I said, focused clearly in response to identified defense arguments. Even in the transcript, I cited pages of the sentencing brief where the district court could find the arguments. So, you know, and I think that underscores the basic premise that in response to defense counsel's argument that I didn't really mean it when I said I was arguing for 33 months. Every aspect of my argument was focused on 33 months. I don't know how else I can say it. And my, you know, I did make clear as well that under the guidelines, that I thought the guidelines generated under the fraud guideline that's been in existence since 2002, that I thought that that generated an adequate, appropriate was the word I used, sentence under the guidelines, that it was adequate to address the needs for deterrence. So it's far from expressing, as we see in some of the other cases cited by the defense, some misgivings about the sentence, the deal I struck. There was no expression of regret or misgivings about the sentence I was recommending, that, gee, I wouldn't, you know, wouldn't be unhappy if the district judge would impose a higher sentence. I mean, there's just nothing in the record at all similar to the cases cited by the defendant. Okay. Your time has closed up. Thank you very much. Your Honor, if I could make three brief points. Well, just a minute. I was about to say that I'll give you a minute in rebuttal, but you're a little short. Okay. One, there was a language in Mondragon, I'm sorry, in Whitney that specifically responds to Your Honor's question about whether there was a difference between arguing to support your recommendation and implicitly arguing for a higher sentence. And it's basically that the prosecutor can't make a prohibited argument not only explicitly, but implicitly. And if the government could make and, you know, can technically say, I recommend 33 months, but then describe the defendant in terms that is clearly inconsistent with that recommendation, that's also a breach. It's not inoculated from a finding of breach, but just saying, you know, but I'm just asking for 33 months. Also, in response to the government's argument that it was just responding to the defense argument for a lower sentence, none of the arguments made by the government were responsive to the defense argument that was made in support of a lower sentence. They were directed to totally different issues. And I say that my time is just about up. Thank you very much. Thank you both of you for your arguments. The case of United States v. Michelle is submitted.
judges: Zipps, Berzon, Ikuta